# EXHIBIT A-2

Filed: 6/21/2021 2:12 PM
Lisa David, District Clerk
Williamson County, Texas
Tammy Clinton

CAUSE NO. 21-0883-C425

| | | |
|---|---|---|
| DEBORAH MATULA | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | Williamson County - 425th Judicial District Court |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| PROSPERITY BANK | § | |
| Defendant. | § | WILLIAMSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Deborah Matula, and files this Original Petition complaining of Defendant Prosperity Bank, and for cause of action would show the Court the following:

### I.

### DISCOVERY

1.1    Plaintiff intends to conduct discovery under Rule 190.4 (Level 3) of the Texas Rules of Civil Procedure.

### II.

### THE PARTIES

2.1    Plaintiff is an individual who can be served through counsel.

2.2    Defendant is an entity that may be served through its registered agent:   Charlotte M. Rasche, 80 Sugar Creek Center Blvd, Sugar Land, TX 77478.

### III.

### JURISDICTION, VENUE AND CONDITION PRECEDENT

3.1    The amount in controversy exceeds the jurisdictional minimum amount in controversy for this Court. Plaintiff seeks monetary relief over $1,000,000.

3.2    Pursuant to Texas Civil Practice and Remedies Code §15.002, venue is proper in

Williamson County, Texas, as it is the county in which a substantial part of the events or omissions giving rise to these claims occurred.

3.3   All conditions precedent have been performed or have occurred..

## IV. FACTS

4.1   Plaintiff began her employment with Defendant May 1, 2017 as the Director of Loan Process Strategy. From approximately October 2017 and continuing until on or about June 12, 2019, Plaintiff complained to her supervisor, Merle Karnes, Executive VP & Chief Credit Officer, Eddie Safady, Executive VP & Vice Chairman, Susan Alger, Human Resources Employee Relations Manager, and Catherine Shutts, Director of Human Resources, each time Plaintiff became aware of female employees being harmed by discriminatory equal pay practices.

4.2   Plaintiff was given no legitimate reason why females were compensated lower than males doing similar jobs. The response Plaintiff was given by Merle Karnes was, "That's not going to happen, women don't get those kind of increases here because women are the note takers not the decision makers." Human Resources Relationship Manager, Susan Alger, told Plaintiff, "'HR doesnt have access to that information and its been this way a long time, thats just the way it is done around here".

4.3   On or about February 1, 2019, Merle Karnes accelerated his change in demeanor towards Plaintiff as did other senior leaders. Plaintiff was given more work, excluded from meetings and visually removed from Merle's team. Merle publicly marginalized Plaintiff's comments, instructed her to take notes and assigned clerical actions during meetings with her female and male peers and management team. Merle also increased Plaintiff's travel knowing this would be a hardship.

4.4   In March 2019 Plaintiff was preparing to hire a female employee. Based on what men

employed in the position she was filling had been paid she made a recommendation for a salary offer. Merle refused Plaintiff's recommendation and instructed Plaintiff to change her recommendation to a lower amount. Plaintiff told Merle that to make a lower offer would be a continuation of the gender discrimination in pay she had observed and that she would not be complicit with such discrimination.

4.5 Sometime between March and June, 2019 complained again to human resources that she had witessed gender discrimination and that her report was resulting in retaliation.

4.6 On May 9, 2019 Plaintiff was instructed to meet in Sugarland where she was under the impression there was to be a discussion regarding her dicriminationa and retaliation complaints. Instead she was told that the executive team was upset with her, but refused to provide specifics. There were complaints that she had been missing meetings and she reminded them that Merle had been excluding her from meetings. She was also thretened with removal of more of her duties. Plaintiff was given no legitimate reason as to why Plaintiff was harassed, excluded from meetings, given projects for male peers or clean-up work of male peers on top of her usual duties. It was never explained why her travel was being increased or why her carefully detailed 2020 budget plan was scrutinized for months while her male counterparts' budgets were one page and approved with no detail.

4.7 During this time Plaintiff requested Familiy and Medical Leave Act ("FMLA") leave to care for her mother who was struggling with dementia. On June 10, 2019 Plaintiff received her FMLA packet which allowed for 12 weekds of leave beginning in August 2019.

4.8 On or about June 12, 2019, Plaintiff called Defendant's internal legal counsel and reported that she felt she was being harassed by Merle Karnes which Plaintiff believed to be directly related to her most recent reporting of gender discrimination.

4.9  On June 20, 2019 Plaintiff received a call from Merle berating her for not being in Sugarland for a meeting, but her male peers were permitted to appear by telephone

4.10  On June 21, 2019 Plaintiff was instructed to attend a meeting in Sugarland. At that meeting she was terminated by Merle Karnes and Catherine Shutts.

## V.

## CAUSES OF ACTION

5.1  The allegations contained in Paragraphs 4.1 through 4.10 are hereby incorporated by reference for all causes of action.

### Gender Discrimination

5.2  The conduct of Defendant towards Plaintiff, through their agents, employees, managers, and supervisors, as set forth above, among other activities, constitutes gender discrimination and harassment, in direct violation of §21.001, *et. seq.*, Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

> "An employer commits an unlawful employment practice if ... the employer ... discriminates against an individual ... or ... classifies an employee ... in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

5.3  Plaintiff is a member of a protected class and was selected for unfavorable treatment by Defendant, including her constructive termination, because of her gender. There is no legitimate non-discriminatory reason for Defendant's actions, and if such a reason is propounded, it is a pretext. Plaintiff's gender was a determining or motivating factor in the constructive termination of Plaintiff's employment and the harassment against her. Unlawful discrimination moved Defendant toward their decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff. The unlawful practices committed by Defendant were and are a direct

cause of Plaintiff's damages, as more fully set forth below.

5.4 Furthermore, Plaintiff was discriminated against because of her gender under Title VII of the

Civil Rights Act of 1964, 42 U.S.C.A. §2000e-2(a)(1). Defendant is an employer within the meaning of Title VII. Title VII provides that it shall be unlawful for an employer to discharge any individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's gender or to limit, segregate, or classify employees for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect status as an employee because of such individual's gender.

5.5 Defendant intentionally discriminated against Plaintiff because of her gender in violation of Title VII by unlawfully discharging her because of her gender. Plaintiff is a member of a protected class and was selected for unfavorable treatment by Defendant, including her termination, because of her gender. Plaintiff's gender was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment and otherwise discriminate against her. Unlawful discrimination moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

**Retaliation**

5.6 Defendant retaliated against Plaintiff for making a discrimination complaint, assisting or participating in a discrimination investigation, and otherwise opposing discrimination by the employer. Plaintiff made a discrimination complaint, assisted and participating in a discrimination investigation, and opposed a discriminatory practice by Defendant, suffered

adverse employment actions as a result in that Defendant terminated Plaintiff's employment and otherwise discriminated against him, and there is a causal connection between the making of the discrimination complaint, and the assistance and participation in a discrimination investigation, and opposition to the discriminatory practice and the adverse employment actions. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below. Defendant's retaliatory actions violated the Texas Commission on Human Rights Act. Alternatively, they were a motivating factor of Defendant with respect to its employment decisions regarding Plaintiff.

5.7 Defendant retaliated against Plaintiff for making a discrimination complaint and otherwise opposing discrimination by the employer. See Texas Labor Code §21.055. Plaintiff made a discrimination complaint and opposed a discriminatory practice by Defendant, suffered adverse employment actions as a result in that Defendant terminated Plaintiff's employment and otherwise discriminated against her, and there is a causal connection between the making of the discrimination complaint and opposition to the discriminatory practice and the adverse employment actions. Defendant's retaliatory actions also violated Title VII of the Civil Rights Act of 1964. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

### Retaliation under the Family and Medical Leave Act and Loss of Employment Benefits, Terms and Conditions after Requesting FMLA Leave

5.8 The FMLA contains two distinct provisions: (1) an entitlement clause and (2) an anti-discrimination clause. See 29 U.S.C. §§ 2612, 2615. The entitlement clause provides a series of entitlements which give certain rights to employees such as the right to have their job back once they return from a qualified leave. This FMLA also contains provisions prevent an employer

from retaliating against an employee for taking or seeking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Defendant is in willful violation of both the entitlement and ani-discrimination clause of the FMLA. Defendant has violated 29 U.S.C. §2612, §2614 and 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b).

5.9    Plaintiff availed herself of a protected right under the FMLA, and was subsequently terminated, and there is a causal connection between the Plaintiff's protected activity and the decision to terminate her made by Defendant. Plaintiff's request for FMLA leave was a motivating factor in the decision to terminate, and as such was a cause of Plaintiff's damages, as set forth below.

## VI.

## DAMAGES

6.1    As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages or back pay, interest on back pay and front pay, future wages or front pay, employment benefits in the past and future, lost earnings in the past and future, and all lost benefits under the contract or employment relationship.

## VII.

## COMPENSATORY DAMAGES

7.1    Defendant have intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of her gender and pregnancy. Plaintiff also brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

8.1 A prevailing party may recover reasonable attorneys' fees, expert fees, and costs. SEE TEX. LAB. CODE §21.259; Title VII, 42 U.S.C. §2000e-5(k); 42 U.S.C. §§1981 and 1988. Plaintiff brings suit for these fees from Defendant. Plaintiff seeks all reasonable expert fees and attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal work, any appeal to the Texas Court of Appeals of the Fifth Circuit Court of Appeals, making or responding to an application for writ of error to the Texas Supreme Court, making or responding to an application for writ of error to the United States Supreme Court, an appeal to the Texas Supreme Court or United States Supreme Court if an application for writ of error is granted, and post-judgment discovery and collection in the event execution on the judgment is necessary.

## IX.

## PUNITIVE DAMAGES

9.1 Defendant have acted with malice or reckless indifference to Plaintiff's rights. Defendant, by engaging in the aforementioned acts and/or in authorizing and/or ratifying the aforementioned acts, engaged in willful, malicious, intentional, and oppressive conduct and acted with willful and conscious disregard, or alternatively reckless disregard or indifference of the rights, welfare, and safety of Plaintiff, therefore justifying the award of punitive and exemplary damages in an amount to be determined at trial. Therefore, Plaintiff additionally brings suit for punitive damages and exemplary damages.

## X.

## JURY DEMAND

10.1 Plaintiff hereby demands a trial by jury of all the issues and facts in this case and tenders the requisite fee

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and, upon final trial, Plaintiff have Judgment against Defendant as requested above, and as follows:

1. Judgment against Defendant for all damages alleged in this petition;
2. Alternatively, reinstatement in her former position;
3. Interest before and after judgment at the highest rate provided by law, until paid;
4. Liquidated damages
5. Costs of suit;
6. Reasonable and necessary attorneys' fees and expert witness fees;
7. Declaratory and injunctive relief; and
8. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
925 S. Capital of Texas Highway, Suite B225
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile

/s/ John F. Melton
John F. Melton
jmelton@jfmeltonlaw.com
State Bar No. 24013155
Michael W. Balcezak
State Bar No.: 24012236
Michael@jfmeltonlaw.com
ATTORNEYS FOR PLAINTIFF

...

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Melton
Bar No. 24013155
jmelton@meltonkumler.com
Envelope ID: 54611349
Status as of 6/21/2021 2:23 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Paige Densman | | paige@jfmeltonlaw.com | 6/21/2021 2:12:08 PM | SENT |
| John Melton | | jmelton@jfmeltonlaw.com | 6/21/2021 2:12:08 PM | SENT |
| michael Balcezak | | michael@jfmeltonlaw.com | 6/21/2021 2:12:08 PM | SENT |